UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MATTHEW J. HOPPE,

    Plaintiff,

v.

723 PLACE, LLC,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, MATTHEW J. HOPPE (hereinafter "Plaintiff"), by and through undersigned counsel, sues Defendant, 723 PLACE, LLC, ("Defendant") for injunctive relief pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for damages, and alleges:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue lies in this Court pursuant to 28 U.S.C. § 1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the transaction or occurrence giving rise to this cause of action occurred in Broward County, Florida.

## THE PARTIES

3. At all times material hereto, Plaintiff, MATTHEW J. HOPPE, was and is over the age of 18 years, *sui juris*, and a resident of Broward County, Florida.

4. At all times material hereto, Plaintiff has suffered from a qualified disability under the ADA; Plaintiff suffers from Cerebral Palsy, as a result of which Plaintiff must use an electric wheelchair to ambulate; Plaintiff has no mobility whatsoever outside of his electrified wheelchair.

5. At all times material hereto, Defendant, 723 PLACE, LLC, was and is the operator of that certain real property located at 200 North Surf Rd., Hollywood, Florida 33019 (the "Subject Property").

6. The Subject Property has at all material times been operating as a place of public accommodation as that term is defined by the ADA; specifically, a bar and restaurant known as DP's.

7. Prior to the institution of this litigation, Plaintiff has personally visited this Subject Property on numerous occasions in order to purchase food and beverages; however, Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered to the public therein was restricted and/or limited because of his disabilities.

8. Plaintiff has not only been unable to fully and completely access the Subject Property because of a lack of accessibility to the entrance, but has been damaged by Defendant's substandard and lackluster effort to install a lift at the Subject Property; on one such occasion, Defendant's lift malfunctioned while Plaintiff was on the lift, resulting in a situation wherein Plaintiff was required to wait approximately one hour for fire rescue to arrive. Upon their arrival, fire rescue advised that Defendant should discontinue use of the lift, which poses a danger to health and safety. Since that time, Plaintiff has returned on multiple occasions, only occasionally being able to access the Subject Property, inasmuch as the lift is sometimes operational, and

sometimes not. On one particular occasion, Plaintiff required urgent use of the facilities. Plaintiff was unable to enter the facilities in Defendant's premises because of the inaccessible conditions as described more fully below, and was therefore forced to relieve himself in a manner which damaged the motor and mechanism of his wheelchair, causing thousands of dollars in damages.

9. Plaintiff will continue to be restricted or limited in his ability to patronize the Subject Property in the future, unless and until Defendant is compelled to remove physical barriers to access any ADA violations within and upon the Subject Property.

## COUNT I:
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

10. Plaintiff reavers and re-alleges the allegations set forth in Paragraphs 1 through 9 above, as though fully set forth herein.

11. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

12. Congress specifically found, *inter alia*, that:[1]

    (i)   Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

        communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

(v) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

13. Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

---

[2] 42 U.S.C. § 12101(b)(1)(2) and (4).

14. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

15. The Subject Property is a public accommodation and a service establishment.

16. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

17. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

18. The Subject Property is legally required to be, ***but is not***, in compliance with the ADA and ADAAG.

19. Such non-compliance includes the following:

    (a) Stairs at the entrance of the Subject Property act as a barrier to the path of travel at the property entry way, and the existing vertical lift is in disrepair and not in operation, in violation of, *inter alia,* ADAAG § 206, § 207 and § 303.4.

    (b) Required knee and toe clearance is not provided at dining tables at the sidewalk level area in violation of ADAAG § 226, § 902, and § 306.

    (c) The bar located at the elevated outdoor patio is inaccessible, insomuch as every portion of the bar exceeds the maximum height allowance, required knee and toe clearance is

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

not provided at any part of the bar, in violation of ADAAG § 226 and § 902. The inaccessible bar is the only available seating option at the ocean view patio.

(d) The bar located within the interior of the establishment exceeds the maximum height allowance in all areas, and does not provide the required knee and toe clearance, in violation of ADAAG § 226 and § 902. This is the only bar section available in the interior area.

(e) Signage utilized to identify restrooms is non-compliant with ADAAG § 216. The lavatory located in the men's restroom is an inaccessible area requiring passage through a walled path of travel lacking minimum clearance requirements in violation of ADAAG § 403.

(f) Minimum floor space is not provided at the lavatory in violation of ADAAG § 606 and § 305.

(g) Required knee and toe clearance is not provided at the lavatory in violation of ADAAG § 606.

(h) Non-compliant faucet knobs at the lavatory require twisting of the wrist in violation of ADAAG § 606 and § 309.

(i) A mirror mounted in the men's restroom exceeds the maximum height allowance in violation of ADAAG § 603. The minimum clearance requirement is not provided at the water closet in violation of ADAAG § 604.

(j) Required grab bars are not provided at the rear inside walls of the water closet in violation of ADAAG § 604.

(k) The toilet paper dispenser is mounted at a non-compliant position from the water closet in violation of ADAAG § 604.

20. Plaintiff has attempted to access the Subject Property on multiple occasions, but has been precluded from fully, properly, and equally accessing the Subject Property because of his disabilities; specifically, Plaintiff was precluded by physical barriers to access, dangerous conditions, and ADA violations existing upon the Subject Property. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff and other disabled individuals from accessing the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

21. Plaintiff intends to visit the Subject Property again in the future (immediately upon Defendant's compliance with an Order of this Court requiring that Defendant remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property; however, in light of his disability, unless and until the Subject Property is brought into compliance with the ADA, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

22. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

23. Moreover, Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the Subject Property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff.

24. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the Subject Property, including but not limited to those set forth herein.

25. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Subject Property so as to make readily accessible to and useable by individuals with disabilities to the extent required by ADA and ADAAG.

26. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable from the Defendant.[6]

WHEREFORE for the foregoing reasons, Plaintiff, MATTHEW J. HOPPE, respectfully requests that this Court enter an order granting permanent injunctive relief, enjoining Defendant from continuing its discriminatory practices, ordering Defendant, 723 PLACE, LLC, to remove the physical barriers to access and to alter the Subject Property so as to make it readily accessible to and useable by individuals with disabilities, and awarding Plaintiff all reasonable attorney's fees, litigation expenses, and costs.

## COUNT II:
## NEGLIGENCE

27. Plaintiff re-alleges Paragraphs 1 through 9 above, as though fully set forth herein.

---

[6] 42 U.S.C. §§ 12205, 12117.

28. As a consequence of Plaintiff's violation of statutory requirements including the ADAAG sections set forth hereinabove, Plaintiff was unable to use a restroom while patronizing Defendant's premises.

29. As a direct and proximate result of this negligent failure, Plaintiff was forced to evacuate himself without the benefit of a restroom, causing serious damage, including damage to expensive and sophisticated wheelchair machinery resulting in thousands of dollars in repair costs.

WHEREFORE for the foregoing reasons, Plaintiff, MATTHEW J. HOPPE, respectfully requests that this Court enter judgment in his favor, and against Defendant, 723 PLACE, LLC, in an amount equal to all compensatory damages, and to the extent this Court finds Defendant's violations to have been intentional or willful, punitive damages, and also entering all such other relief as is deemed just and equitable under the circumstances of this case.

DATED this **22nd** day of **December, 2014**.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
Wells Fargo Tower - Suite 1500
One East Broward Blvd.
Ft. Lauderdale, Florida 33301
PH: (954)745-0588
FAX: (305) 397-1924

By: ___/s/ Nolan K. Klein___
    NOLAN K. KLEIN
    Florida Bar No. 647977
    klein@nklegal.com
    nina@nklegal.com
    amy@nklegal.com